UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | | |
|---|---|---|
| **JAMES VAN BUREN** | * | **CIVIL ACTION NO.  10-0888** |
| **VERSUS** | * | **JUDGE ROBERT G. JAMES** |
| **CITY OF MONROE** | * | **MAG. JUDGE KAREN L. HAYES** |

REPORT AND RECOMMENDATION

Before the undersigned Magistrate Judge, on reference from the District Court, is the City of Monroe's motion to dismiss for failure to state a claim upon which relief can be granted, Fed.R.Civ.P. 12(b)(6) [doc. # 4], converted in part to a motion for summary judgment, Fed.R.Civ.P. 56 [doc. # 9].  For reasons stated below, it is recommended that the motion, as converted, [doc. #s 4 & 9] be **DENIED**.

BACKGROUND AND PROCEDURAL HISTORY

On June 10, 2010, James Van Buren filed the instant civil rights action under 42 U.S.C. § 1983 against his former employer, the City of Monroe ("the City").  Van Buren worked for the City from approximately 1998 until his discharge on June 2, 2009.  (Compl., ¶ 5).  From April 2005 until his discharge, Van Buren held the position of superintendent/supervisor of the Garbage Division of the Sanitation Division of the Department of Public Works.  *See* Compl., ¶ 5; Decl. of James Van Buren, Pl. Exh. 3 [doc. # 11-3]; and Affidavit of Tom Janway, Def. Exh. C [doc. 10-1].  He alleges that he was a "member of the collective bargaining unit created by the collective bargaining agreement between the [City] and the [Union]."  (Compl., ¶ 6).  Plaintiff

further asserts that, pursuant to the collective bargaining agreement, employees could only be discharged for cause, and therefore, he enjoys a property interest in his continued employment with the City. *Id.*, ¶¶ 7-8.

Van Buren contends that the City violated his substantive due process rights under the U.S. and Louisiana constitutions when it arbitrarily and capriciously terminated his employment in bad faith for insubordination, when, in fact, he had not been insubordinate at all. (Compl., ¶¶ 1, 11-12). He seeks resulting compensatory and punitive damages in accordance with 42 U.S.C. § 1983 and applicable state law, in addition to costs and fees. *Id.*, ¶¶ 12-15, prayer. He also petitions the court to reinstate him to his former position with the City. *Id.*

On August 17, 2010, the City filed the instant motion to dismiss for failure to state a claim upon which relief can be granted, Fed.R.Civ.P. 12(b)(6), on the grounds that 1) plaintiff did not enjoy a cognizable property interest in his employment as required to invoke due process protection; and 2) plaintiff failed to allege sufficient facts to support his contention that the City arbitrarily and capriciously discharged him in bad faith. In connection with the first basis for dismissal, the City further argues that Van Buren was not a party to the collective bargaining agreement ("CBA") between the City and the American Federation of State, County and Municipal Employees, Local 2388 ("the Union"). (M/Dismiss, Memo., pg. 1 [doc. # 4]).[1]

In his memorandum in opposition to the motion to dismiss, Van Buren cited a ruling rendered by Judge James in *Johnson v. City of Monroe*, which held that the CBA in effect

---

[1] Since the filing of its motion to dismiss, the City has filed an answer to the complaint. (Answer [doc. # 8]). The filing of an answer does not per se moot an earlier filed motion to dismiss. *Brunig v. Clark*, 560 F.3d 292, 294 (5th Cir. 2009). In its answer, however, the City admitted several allegations set forth in the complaint which are at odds with the City's position in its motion to dismiss. *See* discussion, *infra*.

between the City and the Union created a constitutionally protected property interest in favor of certain city employees. *See Johnson v. City of Monroe*, Civil Action No. 06-0635, 2007 WL 1521436 (W.D. La. May 21, 2007) [doc. # 35]. The CBA in *Johnson*, however, included language specifying that "Division Heads and Department Heads from each Department and their assistants . . ." were **not** eligible for membership in the Union. *See* "Labor Agreement," Art. I, § 4; Pl. M/Partial S.J., Exh. 1 [doc. # 15-1] in Civil Action No. 06-0630. This provision, when coupled with plaintiff's allegation that he was superintendent of the City's garbage division, appeared to provide support for the City's assertion that plaintiff was not a party to the contract between the City and the Union, thereby precluding plaintiff from relying upon the CBA to accord him a constitutionally cognizable property interest in his continued employment. *See* Oct. 21, 2010, Order [doc. # 9].

Because this issue required consideration of evidence outside of the pleadings, the undersigned converted defendant's motion to dismiss to a motion for summary judgment for purposes of this issue, and instructed the parties to file a copy of the CBA between the City and the Union, together with any other relevant, competent, summary judgment evidence, and supporting memoranda. *Id*. The parties so complied. *See* doc. #s 10-11. The matter is now before the court.

## LAW AND ANALYSIS

As stated above, plaintiff contends that the City violated his right to substantive due process under the federal and state constitutions. To succeed on a substantive due process claim under the Fourteenth Amendment in the context of public employment, plaintiff must show that "(1) he had a property interest/right in his employment and (2) his termination was arbitrary or

capricious." *Bolton v. City of Dallas, Tex.*, 472 F.3d 261, 263 (5th Cir. 2006) (citations omitted).[2]

Because the City's motion challenges both requirements of plaintiff's due process claim, the court addresses each, in turn.

I.  **Plaintiff Adduced Evidence That He Enjoys a Protected Property Interest in His Employment With the City**

A protected property interest in government employment is not automatically conferred by virtue of the public employment itself. *Saucedo-Falls v. Kunkle*, 299 Fed. Appx. 315, 320 (5th Cir. Nov. 6, 2008) (unpubl.) (citation omitted). Rather, it must stem from an independent source such as state law. *Bolton, supra* (citation omitted). Entitlement to job tenure may be created by state statute, by local ordinance, by written contract, and even by a "mutually explicit understanding" enforceable under state law. *See Johnson v. Southwest Mississippi Regional Medical Center*, 878 F.2d 856, 858 (5th Cir. 1989) (citation omitted); *Bolton, supra*. Furthermore, a property interest may be created where the public entity has abrogated its right to discharge an employee without cause. *Bolton, supra* (citation omitted).

In response to the undersigned's order, the City adduced a copy of the CBA in effect between the City and the Union. ("Labor Agreement;" Def. Memo., Exh. A). It specifies that the City is entitled to "discharge . . . any employee for cause." (CBA, Art. II, § 3; Def. Exh. A). By negative implication, the City may not discharge an employee absent cause. Moreover, the City passed an ordinance ratifying the CBA. (Ordinance No. 10,056; Def. Exh. A). In addition, the City has admitted that the CBA "contains a provision that requires suspensions and discharges to only be accomplished 'for cause.'" *See* Answer (admitting ¶ 7 of plaintiff's complaint).

---

[2] The protection afforded by the due process clause of the Louisiana Constitution is co-extensive with that of the Fourteenth Amendment. *Johnson, supra* (citations omitted).

In *Johnson v. City of Monroe*, Judge James held that the same CBA and ordinance created a constitutionally protected property interest in favor of a former city employee. *Johnson, supra*. In an effort to avoid the fate preordained by *Johnson*, the City urges the court instead to follow *Jackson v. City of Monroe*, an intervening Louisiana appellate court decision which concluded that a former City of Monroe employee remained an at-will employee, subject to termination without cause. *Jackson v. Mayo*, 975 So.2d 815, 823-824 (La. App. 2$^d$ Cir. 2008). This finding in *Jackson*, however, was dicta, because the court further determined that the City had cause to terminate Jackson. *Id*. The court also did not contemplate the effect of the CBA provision authorizing the City to discharge any employee "for cause," or the city ordinance that ratified the employment agreement. *See Jackson, supra*. Under these circumstances, the undersigned is not persuaded that *Jackson* – a decision by an intermediate state court – compels this court to revisit its holding in *Johnson, supra*.

Alternatively, the City maintains that as a supervisor in the hierarchy of the City's Sanitation Division, Van Buren was not entitled to the protections of the CBA. In support of its converted motion for summary judgment, the City adduced evidence that during Van Buren's tenure, he was the Superintendent/Supervisor of the Garbage Division, which is one of six divisions within the Sanitation Division of the Department of Public Works. (Affidavits of Tom Janway and Don Hopkins; Def. Exhs. C & D). In this position, Van Buren exercised supervisory responsibility over the employees beneath him. *Id*.

In response to the City's motion, Van Buren adduced statements from the Union president and vice-president opining that Van Buren was not a division or department head, or an assistant to either one, as contemplated under § 4 of the CBA. (Declarations of Rev. George

Newman and Robert E. Johnson; Pl. Exhs. 1 & 2). In fact, prior to his discharge, Van Buren remained a dues paying member of the Union, which suggests that he was not a division or department head, or an assistant to either, because according to the terms of the CBA, these persons are ineligible for membership in the Union. *See* Declaration of James Van Buren; Pl. Exh. 3; CBA, Art. I, § 4; Def. Exh. A).

Furthermore, the parties (and the court, at least until now) have neglected to mention a provision of the CBA that defines "employee" to include those division and department heads and their assistants who are excluded from Union membership pursuant to Article I, § 4. (CBA, Art. I, § 2; Def. Exh. A). In other words, even if Van Buren was a division or department head, or an assistant to one, he nonetheless remained an employee for purposes of the CBA, entitled to invoke its promise of continued employment, in the absence of cause for discharge.

Accordingly, the undersigned finds, that at a minimum, there exists a genuine issue of material fact as to whether plaintiff enjoys a constitutionally protected property interest in his continued employment with the City, which precludes resolution of this issue in the City's favor. Fed.R.Civ.P. 56.[3] Moreover, the City appears to have since conceded this issue in plaintiff's favor by admitting in its Answer that the CBA conferred plaintiff with a property interest to his continued employment with the City of Monroe. *See* Answer (admitting allegation set forth in ¶ 8 of the complaint).

---

[3] Summary judgment is only appropriate when the evidence before the court shows "that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2). A fact is "material" if proof of its existence or nonexistence would affect the outcome of the lawsuit under applicable law in the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute about a material fact is "genuine" if the evidence is such that a reasonable fact finder could render a verdict for the nonmoving party. *Id*.

**II.     Plaintiff Alleged Sufficient Facts to Support His Claim that the City's Decision to Terminate His Employment was Arbitrary and Capricious.**

In its motion to dismiss, the City contends that Van Buren failed to allege facts to support his argument that it acted arbitrarily or capriciously and in bad faith. (M/Dismiss, Memo., pg. 1). Plaintiff did not address this argument in his memoranda. Moreover, the undersigned did not notify the parties that it was considering this issue in the context of a Rule 56 motion for summary judgment. Rather, this argument challenges the sufficiency of plaintiff's allegations under Rule 12(b)(6).

For purposes of Rules 8 and 12(b)(6),

> the '[f]actual allegations must be enough to raise a right to relief above the speculative level, . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)' and the non-moving party must plead 'enough facts to state a claim to relief that is plausible on its face.' This standard 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary claims or elements.

*In re Southern Scrap Material Co., LLC*, 541 F.3d 584 (5th Cir. 2008), *cert. denied sub nom., Southern Scrap Material Co., L.L.C. v. U.S.*, ___ U.S.___, 129 S.Ct. 1669 (2009) (internal citation omitted).

The factual allegations need not be detailed, but they must be more than labels, conclusions, or a recitation of the elements of the claim. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1966 (2007). Moreover, "[t]he notice pleading requirements of Federal Rule of Civil Procedure 8 and case law do not require an inordinate amount of detail or precision." *Gilbert v. Outback Steakhouse of Florida Inc.*, 295 Fed. Appx. 710, 713 (5th Cir. Oct. 10, 2008) (unpubl.) (citations and internal quotation marks omitted).

Applying the foregoing considerations here, the undersigned finds that plaintiff has satisfied the requisite pleading standard. He alleges that he was discharged for insubordination

7

when, in fact, there were no grounds for same. (Compl., ¶ 11). While plaintiff obviously did not elaborate upon the circumstances of his purported insubordination or discharge, he did allege that the stated reason for his termination was false. Similarly, in *Johnson v. City of Monroe*, plaintiff disputed that his actions constituted insubordination. *Johnson, supra*. In denying summary judgment, the court remarked that neither the CBA nor the Handbook defined "cause" or "insubordination." *Johnson, supra*. Rather, "[t]he question of what a reasonable person might consider just cause should be entrusted to the jury." *Id*. (citation and internal quotation marks omitted).

Here, at least at this stage of the proceedings, plaintiff has alleged sufficient facts to not only apprise defendant of the grounds for his substantive due process claim, but also to "raise a reasonable expectation that discovery will reveal evidence of the necessary claims or elements." *In re Southern Scrap Material Co., LLC, supra*.

## CONCLUSION

For the above assigned reasons,

**IT IS RECOMMENDED** that the City of Monroe's motion to dismiss for failure to state a claim upon which relief can be granted, Fed.R.Civ.P. 12(b)(6) [doc. # 4], converted in part to a motion for summary judgment, Fed.R.Civ.P. 56 [doc. # 9], be **DENIED**.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at

the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED, in chambers, at Monroe, Louisiana, this 9th day of November 2010.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE